DEL REY FRATERNITY, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Del Rey Fraternity, Inc. v. Commissioner
Docket No. 8036-73.
United States Tax Court
T.C. Memo 1975-206; 1975 Tax Ct. Memo LEXIS 169; 34 T.C.M. (CCH) 886; T.C.M. (RIA) 750206; June 26, 1975, Filed John I. Jefsen, for the petitioner. Peter D. Bakutes, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined deficiencies in petitioner's income taxes as follows: Year
Deficiency
1968
$ 36.33
1969
72.63
1970
349.55
1971
516.70
*170 The only issue is whether scholarships paid by petitioner in each of those years were ordinary and necessary expenses paid in carrying on any trade or business. All of the facts have been stipulated. Petitioner, Del Rey Fraternity, Inc., is a corporation organized under the laws of California, which at the time of filing the petition herein had its principal place of business in Berkeley, California. In 1903 the Del Rey Club (later known as the Del Rey Fraternity) was founded as a fraternal club at the University of California campus in Berkeley, California. To own and operate the real property to be used as their fraternity house, members of the club organized petitioner in 1924 under the name Del Rey Club, Incorporated. By an amendment to its articles of incorporation in 1940, petitioner was converted into a non-profit corporation with members rather than stockholders, and its name was changed to Del Rey Fraternity, Inc. In 1924 petitioner acquired certain property located at 1727 Euclid Avenue in Berkeley which served as the club's fraternity house until June of 1967, the last year of the club's existence. The property was sold on or about October 11, 1967. Although no longer *171 needed for its original purpose, petitioner was not dissolved. Instead, restated articles of incorporation were filed with the secretary of state of California on September 16, 1969. The new articles provide that the primary purpose of the corporation is -- To support education at the University of California (all campuses) through the media, but not confined to, grants and scholarships, for the purpose of improving and developing both the quality, quantity and availability of collegiate education and for the purpose of improving and developing the capabilities of those individuals studying and teaching at any campus of the University of California, and, further To create, maintain and continue a fraternal brotherhood and organization amongst the present and future members of this corporation. Since the sale of the club's fraternity house, petitioner's assets have consisted solely of cash and a note received from the purchaser. Interest on the deposit of this cash and the principal balance of the note were its only sources of income during the years 1968 through 1971. At the close of each of those years petitioner's books reflected total assets ranging from $101,480 to $116,353, *172 and no liabilities. Since the year 1968 petitioner's only activity, aside from collecting interest, has been the distribution from time to time of amounts as scholarships to undergraduate students enrolled at various campuses of the University of California. Petitioner has not engaged in any active advertising of its scholarships, but no applicant has been refused. Interested students who applied for scholarships during the taxable years at issue were required to complete and submit an application which, inter alia, provided that -- Awards are made on a competitive basis and on the following priority: a. Child of a member of Del Rey Fraternity b. Grandchild of a member of Del Rey Fraternity c. Blood relation of a member of Del Rey Fraternity d. Person recommended by a member of Del Rey Fraternity. During the years 1968 through 1971 seven students received scholarships from petitioner. Of the seven, three were children, and two, grandchildren of its members. The other two, however, were not related to any of the members. Each recipient received an identical amount for any particular scholastic quarter. For the period September 24, 1940, to December 31, 1967, petitioner *173 was exempt from Federal income tax under the provisions of section 101(14), I.R.C. 1939, and section 501(c)(2), I.R.C. 1954. Since January 1, 1968, however, petitioner has not been an organization which qualifies for exemption from Federal income tax. On its income tax returns for the years 1968 through 1971, petitioner claimed deductions for the following amounts paid during each of those years as scholarships: Year
Amount Paid
1968
$ 150.00
1969
300.00
1970
1,550.00
1971
2,350.00 In his notice of deficiency respondent disallowed these deductions stating that -- these amounts do not represent ordinary and necessary expenditures incurred in the conduct of a trade or business * * * [and] do not constitute charitable deductions since they are not paid to recipients which would qualify the amounts paid as charitable contributions. Section 162 of the Internal Revenue Code provides in pertinent part that "[there] shall be allowed as a deduction all of the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Petitioner contends *174 that during the relevant years it was engaged in the trade or business of supporting education through scholarships and grants, and that since the scholarships it paid furthered this trade or business, they constituted ordinary and necessary expenses deductible under section 162. [1] Respondent disagrees. In his view petitioner's activities were not conducted with the intention of making a profit and therefore did not constitute a trade or business. Furthermore, if petitioner was engaged in some trade or business, respondent argues that the scholarships were not ordinary and necessary expenses thereof. We hold for the respondent. Petitioner correctly observes that whether expenditures are ordinary and necessary business expenses deductible under section 162 is in the nature of a question of fact. But petitioner erroneously concludes that therefore the purposes set forth in its restated articles of incorporation conclusively define a trade or business it carried on during the relevant years. Such articulations of corporate purposes at best *175 identify trades or businesses which a particular corporate taxpayer may have conducted. It is the corporation's actual conduct that is of critical importance in determining what if any business it may have carried on. Cf. Arthur H. Eppler,58 T.C. 691, 698-699. Of the limited activities in which petitioner actually engaged only the collection of interest on its cash deposits and the note from the purchaser of the fraternity house produced or could have been expected to produce income, and thus might conceivably form the basis for a contention that it constituted a trade or business. But even if that activity should be regarded as qualifying as a trade or business, petitioner has failed to establish that the scholarships it paid were ordinary and necessary expenses thereof. Petitioner presented no evidence which suggests, let alone convincingly demonstrates that the scholarships facilitated, promoted, protected or were required by its income producing activities. Without such evidence it cannot reasonably be said that the scholarships were appropriate and helpful to the conduct of any trade or business conducted by petitioner and thus were necessary as required *176 by section 162. Cf. Welch v. Helvering,290 U.S. 111, 113. Nor does anything in the record suggest that the scholarships were ordinary expenses of such a trade or business in the sense that they were "normal, usual or customary". Deputy v. duPont,308 U.S. 488, 495; Welch v. Helvering,supra,290 U.S. at 114-116. Indeed, it appears that the scholarships were not actually "expenses" as that word is commonly understood. Rather they were a means of distributing some of petitioner's interest income largely for the benefit of children and grandchildren of its members. Congress has not seen fit to permit such gratuitous but self-interested distributions to qualify as deductible charitable contributions. Section 170(c). Likewise, they are not deductible under section 162 merely as a consequence of having been labeled "expenses", where they bore no direct relationship to any business of the petitioner and were not paid with any demonstrated expectation of a commensurate financial return. Cf. *177 Arthur H. Eppler,58 T.C. 691, affirmed per order (C.A. 7, October 24, 1973); Hirsch v. Commissioner,315 F. 2d 731 (C.A. 9); sec. 1.162-15(b), Income Tax Regs. Accordingly, Decision will be entered for the respondent.
Footnotes
1. Petitioner does not contest that the scholarships do not qualify as charitable contributions deductible under section 170 of the Code.↩